B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>Northern District of Ohio ▼ | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>MS "FRITZ" SCHIFFAHRTSGES MBH & CO. REEDEREI KG | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>HRA 200365, Amtsgericht Osnabruck | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br><br>Boschstrasse 15, 48733 Haren/Ems<br>Germany<br><div align="right">ZIP CODE</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><br><div align="right">ZIP CODE</div> |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br><div align="right">ZIP CODE</div> | Mailing Address of Joint Debtor (if different from street address):<br><br><div align="right">ZIP CODE</div> |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>Toledo, Ohio | <div align="right">ZIP CODE</div> |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☑ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7  ☑ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12  ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br>Germany<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending:<br>Germany | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☑ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ <br>     Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☑   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☑ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____ Insolvenzverwalter
(Signature of Foreign Representative)    Rechtsanwalt Andreas Sontopski
_____ 11 60 - 0 35 57 / 93 84-0
(Printed Name of Foreign Representative)
28.08.14                           48 .. Wetin.pn
_____
Date

---

**Signature of Attorney***

X *Kelly S Burgan*
Signature of Attorney for Debtor(s)
*Kelly S. Burgan*
Printed Name of Attorney for Debtor(s)
Baker & Hostetler LLP
Firm Name
PNC Center
1900 E. 9th Street, Cleveland, Ohio 44114-3482
Address
216.621.6200
Telephone Number
August 28, 2014
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

# EXHIBIT A

APPOINTMENT ORDERS
CERTIFIED GERMAN VERSIONS
AND ENGLISH TRANSLATION

# Meppen Local Court

**Insolvency Court**

**File no. 9 IN 116/14**

(Please always state)

O r d e r

In the proceedings for the application for insolvency in respect of the assets of

MS "Fritz" Schiffahrtsges. mbH & Co. Reederei KG, Boschstr. 15, D-49733
Haren (Osnabrück Local Court, HRA 200365),
represented by:
1. Verwaltung MS "Fritz" GmbH, Boschstr. 15, D-49733 Haren, (personally liable partner),
represented by:
1.1. Josef Schöning, Boschstr. 15, D-49733 Haren, (Managing Director),
1.2. Maik Schöning, Hünteler Str. 16, D-49733 Haren, (Managing Director),

is opened today, on 13 August 2014 at 02.15 p.m. in accordance with § 2, 3, 11, 16 et
seq. of the German Insolvency Code [*Insolvenzordnung* (InsO)] as European Main
Insolvency Proceedings.

**Attorney at law Andreas Sontopski, Gnoiener Platz 10, D-48493 Wettringen, Tel.: +49
(0) 2557-93840, Fax: +49 (0) 2557-938450** is appointed as Insolvency Administrator.

For the duration of the insolvency proceedings, the debtor is prohibited from making any
dispositions over its current and future assets belonging to the insolvency assets. The
power of disposition is transferred to the Insolvency Administrator. Performances made to
the Applicant with the effect of redeeming a debt may no longer be made after the
proceedings have been opened. Should performance nevertheless be made to the debtor,
and should the funds not be appropriated to the insolvency assets, there is a risk that there
will be an obligation to make repeat performance to the Insolvency Administrator.

The Insolvency Administrator is instructed to effect service in accordance with § 8 (3) InsO.

1

**The creditors are called upon:**

- to register their claims in insolvency (§ 38 InsO) and lower-ranking claims in accordance with § 39 InsO with the Insolvency Administrator in writing whilst observing § 174 InsO by: <u>08 October 2014</u>

- to notify the Insolvency Administrator without delay which security rights they assert in relation to chattels or rights against the debtor for the notified claims. The object in relation to which the security right is asserted, the nature and the ground on which the security right arose, as well as the claim secured, must be designated. A party who culpably omits or delays making such notification shall be liable for the damage thereby arising (§ 28 (2) InsO).

**Persons with liabilities to the debtor will be requested** to no longer fulfil these vis-à-vis the debtor, but to the Insolvency Administrator (§ 28 (2) InsO).

**Written proceedings** are ordered (§ 5 (2) InsO).

The cut-off date corresponding to the reporting and audit date shall be <u>**05 November 2014**</u>.

It must have been received in writing by the court by this date:

> Objections by which claims are disputed,

> Applications regarding:

- The Insolvency Administrator personally (§ 57 InsO).
- The constitution and the appointment of members of any committee of creditors (§ 68 InsO)

as well as where applicable concerning:

- The validity of the administrator's declaration on assets from a self-employed activity (§ 35 (2) InsO),
- Interim rendering of accounts to the meeting of creditors (§ 66 (3) InsO),
- a depository point and terms and conditions for the investment and deposit of money, securities and valuables (§ 149 InsO),
- the continuation of the proceedings (§ 157 InsO); e.g. shutdown of the enterprise, temporary continuation or insolvency plan,
- the realisation of the insolvency assets (§ 159 InsO),
- Particularly significant legal acts by the insolvency administrator (§ 160 InsO); in particular: the disposal of the debtor's business or operation, of the goods warehouse in whole; disposal of immovable assets on the open market; disposal of the debtor's participations in another company which is intended to be used for the manufacture of a permanent connection to this company; the raising of a loan that

2

would place a significant burden on the estate; the institution, commencement, settlement or avoidance of a legal dispute with a significant value in dispute.

- 3 -

- A disposal of a business to a person with specific interests or a disposal of the business below value (§§ 162, 163 InsO).
- An application for an order for the revocation of an order for self-administration (§§ 271, 272, 277 InsO)
- Payment of maintenance from the insolvency estate (§§100, 101 InsO),
- An abandonment of the proceedings by the court in accordance with § 207 InsO without convening a special meeting of creditors.

The insolvency table and the notifying documents shall be deposed for inspection by the parties within the first third of the period that lies between the end of the notification period (08 October 2014) and the above-mentioned cut-off date on which the claims are examined in writing (05 November 2014) in the court registry of the insolvency court.

**Notes:**

> Consents of the creditors to particularly significant legal acts under § 160 InsO are deemed to be issued, even where a meeting of creditors convened is not quorate or where no objections have been raised by the cut-off date according to the reporting and audit date in the written proceedings.
> Creditors whose claims are recognised will not be notified.

**Grounds:**

The debtor is insolvent and overindebted. This is established to the satisfaction of the court due to the investigations carried out, in particular based on the expert report by the expert attorney at law Andreas Sontopski of 13 August 2014

**Instruction on available legal remedies**

This decision may be appealed with immediate effect by the debtor, the pension insurance association, the German Financial Supervisory Authority / Bundesanstalt für Finanzdienstleitungsausicht as well as by any legal person and companies without legal personality by any member of the representative body or any personally liable partner. It must be filed within a peremptory term of 2 weeks to the Meppen Local Court/Amtsgericht Meppen, Obergerichtsstr. 20, D-49716 Meppen.
The time period shall commence upon the service or upon the delivery of the decision. If the service is effected through a public announcement, it shall commence as soon as two further days have passed after the day of the publication. If the public announcement is effected besides the service, the start of the period shall be determined by the date on which the earlier event occurs.
The appeal may be filed by submitting a notice of appeal with the above-mentioned court or also for putting of record at the court registry of any local court, whereby observance of the period shall depend on the receipt at

the above-mentioned court. It must be signed by the party lodging the appeal or his authorised agent. The appeal must contain the identifier of the contested decision as well as the declaration that an appeal has been lodged against this decision. If only part of the decision is to be contested, the extent of the contestation must be referred to.

The appeal shall be substantiated.



Kaßpohl
Judge at the Local Court

Executed in Meppen,

13 August 2014

Veenker, Court Clerk
as Certifying Officer of the Court Registry

Ich bestätige hiermit, dass ich, Stephen

Sadie diese Übersetzung im Rahmen meines Berufes als Übersetzer eigenhändig angefertigt habe.

I herewith confirm that I, Stephen Sadie, translated this document within the scope of my professional work as a translator.

Datum / Date:
14 August 2014

**Amtsgericht Meppen**
Insolvenzgericht
Geschäfts-Nr.: 9 IN 116/14
(Bitte stets angeben)

13.08.2014

B e s c h l u s s

In dem Insolvenzverfahren über das Vermögen der

MS "Fritz" Schiffahrtsges. mbH & Co. Reederei KG, Boschstr. 15, 49733 Haren (AG
Osnabrück, HRA 200365),
vertreten durch:
1. Verwaltung MS "Fritz" GmbH, Boschstr. 15, 49733 Haren, (persönlich haftende
Gesellschafterin),
vertreten durch:
1.1. Josef Schöning, Boschstr. 15, 49733 Haren, (Geschäftsführer),
1.2. Maik Schöning, Hünteler Str. 16, 49733 Haren, (Geschäftsführer),

wird heute, am 13.08.2014 das Insolvenzverfahren um 14:15 Uhr gemäß §§ 2, 3, 11,
16 ff. InsO als Europäisches Hauptsacheinsolvenzverfahren eröffnet.

Zum Insolvenzverwalter wird bestellt:

**Rechtsanwalt Andreas Sontopski, Gnoiener Platz 10, 48493 Wettringen, Tel.:
02557-93840, Fax: 02557-938450**

Der Schuldnerin wird die Verfügung über ihr zur Insolvenzmasse gehörendes
gegenwärtiges und zukünftiges Vermögen für die Dauer des Insolvenzverfahrens
verboten. Die Verfügungsbefugnis wird dem Insolvenzverwalter übertragen.
Schuldbefreiende Leistungen an die Schuldnerin können nach dem
Eröffnungszeitpunkt nicht mehr erfolgen, wird gleichwohl an die Schuldnerin geleistet
und gelangen die Mittel nicht zur Masse, besteht die Gefahr der nochmaligen
Leistungsverpflichtung gegenüber dem Insolvenzverwalter.

Der Insolvenzverwalter wird mit der Durchführung der Zustellungen gemäß § 8
Abs. 3 InsO beauftragt.

Die Gläubiger werden aufgefordert:

a) Insolvenzforderungen (§ 38 InsO) und nachrangige Forderungen nach § 39 InsO
   bei dem Insolvenzverwalter schriftlich und unter Beachtung des § 174 InsO
   anzumelden bis: 08.10.2014.

b) dem Insolvenzverwalter unverzüglich mitzuteilen, welche Sicherungsrechte sie
   an beweglichen Sachen oder an Rechten der Schuldnerin in Anspruch nehmen.
   Der Gegenstand, an dem das Sicherungsrecht beansprucht wird, die Art und der
   Entstehungsgrund des Sicherungsrechts sowie die gesicherte Forderung sind zu

5

bezeichnen. Wer die Mitteilung schuldhaft unterlässt oder verzögert, haftet für den daraus entstehenden Schaden (§ 28 Abs. 2 InsO).

Personen, die **Verpflichtungen gegenüber der Schuldnerin haben, werden aufgefordert**, nicht mehr an die Schuldnerin, sondern an den Insolvenzverwalter zu leisten (§ 28 Abs. 3 InsO).

Es wird das **schriftliche Verfahren** angeordnet (§ 5 Abs. 2 InsO). Stichtag, der dem Berichts- und Prüfungstermin entspricht, ist der **05.11.2014.**

Bis zu diesem Datum müssen schriftlich bei Gericht eingegangen sein:

➢ Widersprüche, mit denen Forderungen bestritten werden,

➢ Anträge über:

- die Person des Insolvenzverwalters (§ 57 InsO),
- die Einsetzung bzw. Beibehaltung und Besetzung eines Gläubigerausschusses (§ 68 InsO)

sowie gegebenenfalls über:

- die Wirksamkeit der Verwaltererklärung zu Vermögen aus selbstständiger Tätigkeit (§ 35 Abs. 2 InsO),
- Zwischenrechnungslegungen gegenüber der Gläubigerversammlung (§ 66 Abs. 3 InsO),
- eine Hinterlegungsstelle und Bedingungen zur Anlage und Hinterlegung von Geld, Wertpapieren und Kostbarkeiten (§ 149 InsO),
- den Fortgang des Verfahrens (§ 157 InsO); z. B. Unternehmensstilllegung, vorläufige Fortführung oder Insolvenzplan,
- die Verwertung der Insolvenzmasse (§ 159 InsO),
- besonders bedeutsame Rechtshandlungen des Insolvenzverwalters (§ 160 InsO); insbesondere: Veräußerung des Unternehmens oder des Betriebs der Schuldnerin, des Warenlagers im ganzen, eines unbeweglichen Gegenstandes aus freier Hand, einer Beteiligung der Schuldnerin an einem anderen Unternehmen, die der Herstellung einer dauernden Verbindung zu diesem Unternehmen dienen soll, die Aufnahme eines Darlehens, das die Masse erheblich belasten würde, Anhängigmachung, Aufnahme, Beilegung oder Vermeidung eines Rechtsstreits mit erheblichem Streitwert,
- eine Betriebsveräußerung an besonders Interessierte oder eine Betriebsveräußerung unter Wert (§§ 162, 163 InsO),
- eine Beantragung der Anordnung oder der Aufhebung der Anordnung einer Eigenverwaltung (§§ 271, 272, 277 InsO),
- Zahlung von Unterhalt aus der Insolvenzmasse (§§ 100, 101 InsO),
- eine Einstellung des Verfahrens durch das Gericht gem. § 207 InsO ohne Einberufung einer besonderen Gläubigerversammlung.

Die Insolvenztabelle und die Anmeldungsunterlagen werden innerhalb des ersten Drittels des Zeitraums, der zwischen dem Ablauf der Anmeldefrist (08.10.2014) und dem vorstehend genannten Stichtag, zu dem die Forderungen schriftlich geprüft werden (05.11.2014), liegt, in der Geschäftsstelle des Insolvenzgerichts zur Einsicht für die Beteiligten niedergelegt.

<u>Hinweise:</u>

6

> Zustimmungen der Gläubiger zu besonders bedeutsamen Rechtshandlungen nach § 160 InsO gelten als erteilt, auch wenn eine einberufene Gläubigerversammlung nicht beschlussfähig ist oder wenn bis zu dem Stichtag, der im schriftlichen Verfahren dem Berichts- und Prüfungstermin entspricht, keine Widersprüche erhoben werden.

> Gläubiger, deren Forderungen festgestellt werden, werden nicht benachrichtigt.

G r ü n d e :

Die Schuldnerin ist zahlungsunfähig und überschuldet. Dies steht zur Überzeugung des Gerichts fest aufgrund der durchgeführten Ermittlungen, insbesondere aufgrund des Gutachtens des Sachverständigen Rechtsanwalt Andreas Sontopski vom 13.08.2014.

### Rechtsmittelbelehrung

Diese Entscheidung kann von dem Schuldner, dem Pensions-Sicherungsverein, der Bundesanstalt für Finanzdienstleistungsaufsicht sowie bei juristischen Personen und Gesellschaften ohne Rechtspersönlichkeit von jedem Mitglied des Vertretungsorgans bzw. jedem persönlich haftenden Gesellschafter mit der sofortigen Beschwerde angefochten werden. Sie ist innerhalb einer Notfrist von 2 Wochen bei dem Amtsgericht Meppen, Obergerichtsstr. 20, 49716 Meppen einzulegen.
Die Frist beginnt mit der Zustellung bzw. mit der Verkündung der Entscheidung. Soweit die Zustellung durch öffentliche Bekanntmachung erfolgt ist, beginnt sie, sobald nach dem Tage der Veröffentlichung zwei weitere Tage verstrichen sind. Erfolgt die öffentliche Bekanntmachung neben der Zustellung ist für den Beginn der Frist das frühere Ereignis maßgebend.
Die Beschwerde kann durch Einreichung einer Beschwerdeschrift bei dem o. g. Gericht eingelegt oder auch zu Protokoll der Geschäftsstelle eines jeden Amtsgerichts erklärt werden, wobei es für die Einhaltung der Frist auf den Eingang bei dem o. g. Gericht ankommt. Sie ist von dem Beschwerdeführer oder seinem Bevollmächtigten zu unterzeichnen. Die Beschwerde muss die Bezeichnung des angefochtenen Beschlusses sowie die Erklärung enthalten, dass Beschwerde gegen diesen Beschluss eingelegt wird. Soll die Entscheidung nur zum Teil angefochten werden, so ist der Umfang der Anfechtung zu bezeichnen.
Die Beschwerde soll begründet werden.

Kaßpohl
Richter am Amtsgericht

Ausgefertigt
Meppen, den 13.08.2014

Veenker, Justizsekretär
als Urkundsbeamter der Geschäftsstelle

14-33183-maw    Doc 1    FILED 08/28/14    ENTERED 08/28/14 15:40:03    Page 12 of 20

| Meppen Local Court                                                                                    | 26 June 2014 |
|-------------------------------------------------------------------------------------------------------|--------------|
| **Insolvency Court**<br>**File no.: 9 IN 116/14**<br>(Please always state)<br><br>**O r d e r**       |              |

In the proceedings for the application for
insolvency in respect of the assets of

MS "Fritz" Schiffahrtsges. mbH & Co. Reederei KG, Boschstr. 15, D-49733 Haren
(Osnabrück Local Court, HRA 200365),
represented by:
1. Verwaltung MS "Fritz" GmbH, Boschstr. 15, D-49733 Haren, (personally liable partner),
represented by:
1.1. Josef Schöning, Boschstr. 15, D-49733 Haren, (Managing Director)
1.2. Maik Schöning, Hünteler Str. 16, D-49733 Haren, (Managing Director),

<div align="right">- Applicant -</div>

the following is ordered against the Applicant in accordance with §§ 21, 22 of the German Insolvency Code [*Insolvenzordnung* (InsO)] in order to secure the estate and protect the creditors

on 26 June 2014 at 12.00 noon:

- In accordance with § 21 (2) item 1 InsO, the temporary administration of the Applicant's assets is ordered.

- Attorney at law Andreas Sontopski, Gnoiener Platz 10, D-48493 Wettringen, Tel.: +49 (0) 2557-93840, Fax: +49 (0) 2557-936450 is appointed as temporary Insolvency Administrator.

- In accordance with § 21 (2) item 2 InsO, it is ordered that the Applicant's dispositions shall only be valid with the temporary insolvency administrator's consent.

- The Applicant is prohibited from encumbering and making any dispositions over its assets, assigning claims as well as collecting receivables.

- Compulsory enforcement measures, which also include any seizure of the Applicant's business assets, including of the maritime vessel "MS Fritz" (entered in the Maritime Register of Shipping of the Emden Local Court Germany - SSR sheet 5929), are prohibited under § 21 (2) item no. 3 InsO; already commenced measures shall be temporarily suspended.
The debtor's debtors (third party debtors) are prohibited from paying to the debtor. The temporary Insolvency Administrator is authorised to collect the debtor's bank deposits and other receivables as well as to take receipt of incoming funds. A trust account must be set up.

The third party debtors are called upon to effect performance exclusively in compliance with the order (§ 23 (1) sentence 3 InsO).

- In accordance with § 22 (2) InsO, the temporary Insolvency Administrator shall
  - secure and maintain the Applicant's assets:
  - continue an enterprise that the Applicant operates with the Applicant up until the decision to open the insolvency proceedings, unless the insolvency court consents to a close-down in order to avoid a considerable reduction of the assets; The power of disposition over existing employment relationships shall remain with the Applicant; the establishment, change and termination of existing employment relationships shall require the temporary Insolvency Administrator's consent.
  - examine whether the Applicant's assets will cover the costs of the proceedings.

7. The temporary Insolvency Administrator is entitled to enter the Applicant's premises and places of residence; the Applicant must permit the temporary Insolvency Administrator to inspect its books and business documents.

6. The temporary Insolvency Administrator is additionally instructed to examine as an expert whether a ground for opening insolvency proceedings exists, whether there are sufficient free assets for opening the insolvency proceedings and what prospects for a continuation of the Applicant's enterprise exist (§ 22 (1) item 3, clause 2 InsO).

9. The Applicant is called upon in accordance with §§ 20, 97 InsO to get in contact with the temporary Insolvency Administrator without delay and submit to him

  - a complete list of assets arranged according to assets and liabilities, indicating the respective fair values and third party rights (retentions of title, assignments as security and liens),
  - a list of each of its creditors and debtors with complete addresses (no abbreviations), indicating the existing liabilities or receivables as well as the reason (e.g. sales contract, loan etc.),

The Applicant's attention is drawn to the fact that it must affirm in lieu of an oath the correctness of these statements when the insolvency court considers that this is necessary in order to provide truthful statements, § 98 (1) InsO. The criminal liability for a false affirmation in lieu of oath is pointed out, § 156 German Criminal Code [*Strafgesetzbuch*].

The order of the temporary administration is issued ex officio.

The order was necessary in order to prevent a change in the Applicant's financial status detrimental to the creditor or to clarify adverse acts up until the decision on the application.

**Instruction on available legal remedies**

9

The Applicant may file an immediate appeal against this decision. It must be filed within a peremptory term of 2 weeks to the Meppen Local Court/Amtsgericht Meppen, Obergerichtsstr. 20, D-49716 Meppen.
The time period shall commence upon the service or upon the delivery of the decision. If the service is effected through a public announcement, it shall commence as soon as two further days have passed after the day of the publication. If the public announcement is effected besides the service, the start of the period shall be determined by the date on which the earlier event occurs.

The order was necessary in order to prevent a change in the Applicant's financial status detrimental to the creditor or to clarify detrimental acts up until the decision on the application.

## Instruction on available legal remedies

The Applicant may file an immediate appeal against this decision. It must be filed within a peremptory term of 2 weeks to the Meppen Local Court/Amtsgericht Meppen, Obergerichtsstr. 20, D-49716 Meppen.
The time period shall commence upon the service or upon the delivery of the decision. If the service is effected through a public announcement, it shall commence as soon as two further days have passed after the day of the publication. If the public announcement is effected besides the service, the start of the period shall be determined by the date on which the earlier event occurs.
The appeal may be filed by submitting a notice of appeal with the above-mentioned court or also for putting of record at the court registry of any local court, whereby observance of the period shall depend on the receipt at the above-mentioned court. It must be signed by the party lodging the appeal or his authorised agent. The appeal must contain the identifier of the contested decision as well as the declaration that an appeal has been lodged against this decision. If only part of the decision is to be contested, the extent of the contestation must be referred to.
The appeal shall be substantiated.



Schütte

Director of the Local Court
Executed
Meppen, 26 June 2014

Veenker, Court Clerk

as Certifying Officer of the Court Registry.

- Ausfertigung -

# Amtsgericht Meppen

26.06.2014

Insolvenzgericht
Geschäfts-Nr.: 9 IN 116/14
(Bitte stets angeben)

## B e s c h l u ß

In dem Insolvenzantragsverfahren
über das Vermögen der

MS "Fritz" Schiffahrtsges. mbH & Co. Reederei KG, Boschstr. 15, 49733 Haren (AG
Osnabrück, HRA 200365),
vertreten durch:
1. Verwaltung MS "Fritz" GmbH, Boschstr. 15, 49733 Haren, (persönlich haftende
Gesellschafterin),
vertreten durch:
1.1. Josef Schöning, Boschstr. 15, 49733 Haren, (Geschäftsführer),
1.2. Maik Schöning, Hünteler Str. 16, 49733 Haren, (Geschäftsführer),

- Antragstellerin -

wird gemäß §§ 21, 22 Insolvenzordnung (InsO) zur Sicherung der Masse und zum
Schutz der Gläubiger gegen die Antragstellerin

am 26.06.2014 um 12.00 Uhr angeordnet:

1. Gemäß § 21 Abs. 2 Ziff. 1 InsO wird die vorläufige Verwaltung des Vermögens der
   Antragstellerin angeordnet.

2. Zum vorläufigen Insolvenzverwalter wird Rechtsanwalt Andreas Sontopski,
   Gnoiener Platz 10, 48493 Wettringen, Tel.: 02557-93840, Fax: 02557-938450
   bestellt.

3. Gemäß § 21 Abs. 2 Ziff. 2 InsO wird angeordnet, daß Verfügungen der
   Antragstellerin nur mit Zustimmung des vorläufigen Insolvenzverwalters wirksam
   sind.

4. Der Antragstellerin wird untersagt, Gegenstände ihres Vermögens zu veräußern
   und zu belasten, Ansprüche abzutreten sowie Forderungen einzuziehen.

5. Maßnahmen der Zwangsvollstreckung, zu denen auch eine etwaige Arrestierung
   von Betriebsvermögen der Antragstellerin, eingeschlossen des Seeschiffes „MS
   Fritz" (eingetragen im Seeschiffsregister des Amtsgerichts Emden – Deutschland
   - SSR Blatt 5929) gehört, werden gem. § 21 Abs. 2 Nr. 3 InsO untersagt, bereits
   eingeleitete Maßnahmen werden einstweilen eingestellt .
   Den Schuldnern der Schuldnerin (Drittschuldnern) wird verboten, an die
   Schuldnerin zu zahlen.
   Der vorläufige Insolvenzverwalter wird ermächtigt, Bankguthaben und sonstige
   Forderungen der Schuldnerin einzuziehen sowie eingehende Gelder
   entgegenzunehmen. Ein Treuhandkonto ist einzurichten.

11

14-33183-maw    Doc 1    FILED 08/28/14    ENTERED 08/28/14 15:40:03    Page 18 of 20

a) das Vermögen der Antragstellerin sichern und erhalten;

b) ein Unternehmen, das die Antragstellerin betreibt, bis zur Entscheidung über die Eröffnung des Insolvenzverfahrens mit der Antragstellerin fortführen, soweit nicht das Insolvenzgericht einer Stillegung zustimmt, um eine erhebliche Verminderung des Vermögens zu vermeiden; Die Verfügungsbefugnis über bestehende Arbeitsverhältnisse obliegt weiterhin der Antragstellerin; die Begründung, Änderung und Beendigung bestehender Arbeitsverhältnisse bedürfen der Zustimmung des vorläufigen Insolvenzverwalters.

c) prüfen, ob das Vermögen der Antragstellerin die Kosten des Verfahrens decken wird.

7. Der vorläufige Insolvenzverwalter ist berechtigt, die Geschäfts - und Wohnräume der Antragstellerin zu betreten; die Antragstellerin hat dem vorläufigen Insolvenzverwalter Einsicht in ihre Bücher und Geschäftspapiere zu gestatten.

8. Der vorläufige Insolvenzverwalter wird zusätzlich beauftragt, als Sachverständiger zu prüfen, ob ein Eröffnungsgrund vorliegt, ob die freie Vermögensmasse zur Eröffnung des Insolvenzverfahrens ausreicht und welche Aussichten für eine Fortführung des Unternehmens der Antragstellerin bestehen (§ 22 Abs. 1 Ziffer 3. 2. HS InsO).

9. Der Antragstellerin wird gemäß §§ 20, 97 InsO aufgegeben, sich unverzüglich mit dem vorläufigen Insolvenzverwalter in Verbindung zu setzen und ihm

a) ein vollständiges Vermögensverzeichnis nach Aktiva und Passiva geordnet, unter Angabe der jeweiligen Zeitwerte und Fremdrechte (Eigentumsvorbehalte, Sicherungsübereignungen und Pfandrechte),

b) je ein Verzeichnis ihrer Gläubiger und Schuldner mit vollständigen Anschriften (keine Abkürzungen) unter Angabe der bestehenden Verbindlichkeiten bzw. Forderungen sowie des Grundes (z.B. Kaufvertrag, Darlehen usw.),

vorzulegen.
Die Antragstellerin wird darauf aufmerksam gemacht, daß sie die Richtigkeit dieser Angaben an Eides statt zu versichern hat, wenn das Insolvenzgericht dieses zur Herbeiführung wahrheitsgemäßer Angaben für erforderlich hält, § 98 Abs. 1 InsO. Auf die Strafbarkeit einer falschen eidesstattlichen Versicherung wird hingewiesen, § 156 Strafgesetzbuch.

Die Anordnung der vorläufigen Verwaltung erfolgt von Amts wegen.

Die Anordnung war notwendig, um bis zur Entscheidung über den Antrag eine für die Gläubiger nachteilige Veränderung in der Vermögenslage der Antragstellerin zu verhindern oder nachteilige Handlungen aufzuklären.

## Rechtsmittelbelehrung

Diese Entscheidung kann durch die Antragstellerin mit der sofortigen Beschwerde angefochten werden. Sie ist innerhalb einer Notfrist von 2 Wochen bei dem Amtsgericht Meppen, Obergerichtsstr. 20, 49716 Meppen einzulegen.
Die Frist beginnt mit der Zustellung bzw. mit der Verkündung der Entscheidung. Soweit die Zustellung durch öffentliche Bekanntmachung erfolgt ist, beginnt sie, sobald nach dem Tage der Veröffentlichung zwei weitere Tage verstrichen sind. Erfolgt die öffentliche Bekanntmachung neben der Zustellung ist für den Beginn der Frist das frühere Ereignis maßgebend.

Die Anordnung war notwendig, um bis zur Entscheidung über den Antrag eine für die Gläubiger nachteilige Veränderung in der Vermögenslage der Antragstellerin zu verhindern oder nachteilige Handlungen aufzuklären.

## Rechtsmittelbelehrung

Diese Entscheidung kann durch die Antragstellerin mit der sofortigen Beschwerde angefochten werden. Sie ist innerhalb einer Notfrist von 2 Wochen bei dem Amtsgericht Meppen, Obergerichtsstr. 20, 49716 Meppen einzulegen.
Die Frist beginnt mit der Zustellung bzw. mit der Verkündung der Entscheidung. Soweit die Zustellung durch öffentliche Bekanntmachung erfolgt ist, beginnt sie, sobald nach dem Tage der Veröffentlichung zwei weitere Tage verstrichen sind. Erfolgt die öffentliche Bekanntmachung neben der Zustellung ist für den Beginn der Frist das frühere Ereignis maßgebend.
Die Beschwerde kann durch Einreichung einer Beschwerdeschrift bei bei dem o. g. Gericht eingelegt oder auch zu Protokoll der Geschäftsstelle eines jeden Amtsgerichts erklärt werden, wobei es für die Einhaltung der Frist auf den Eingang bei bei dem o. g. Gericht ankommt. Sie ist von dem Beschwerdeführer oder seinem Bevollmächtigten zu unterzeichnen. Die Beschwerde muss die Bezeichnung des angefochtenen Beschlusses sowie die Erklärung enthalten, dass Beschwerde gegen diesen Beschluss eingelegt wird. Soll die Entscheidung nur zum Teil angefochten werden, so ist der Umfang der Anfechtung zu bezeichnen.
Die Beschwerde soll begründet werden.


Schütte
Direktor des Amtsgerichts

Ausgefertigt
Meppen, den 26.06.2014

Veenker, Justizsekretär
als Urkundsbeamter der Geschäftsstelle

14-33183-maw    Doc 1    FILED 08/28/14    ENTERED 08/28/14 15:40:03    Page 20 of 20