| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| MS "FRITZ" SCHIFFAHRTSGES | : | Case No. 14-33183 |
| MBH & CO. REEDEREI KG, | : | |
| | : | Judge Mary Ann Whipple |
| Debtor in a Foreign Proceeding. | : | |

**APPLICATION FOR AN ORDER (1) SCHEDULING A HEARING ON THE FOREIGN REPRESENTATIVE'S VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING AND MOTION FOR RELATED RELIEF AND (2) SPECIFYING THE FORM AND MANNER BY WHICH CREDITORS ARE TO BE NOTIFIED UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(m), 2002(q), and 9007.**

Andreas Sontopski (the "**Petitioner**"), the duly appointed Insolvency Administrator for MS "Fritz" Schiffahrtsges mbH & Co. Reederei KG (the "**Debtor**") files this application (the "**Application**") for entry of an order (i) scheduling a hearing on relief sought in the Petitioner's Voluntary Chapter 15 Petition for Recognition of a Foreign Main Proceeding on Official Form 1 [Dkt. No. 1] (the "**Petition Form**") and a Verified Petition Under Chapter 15 For Recognition of Foreign Main Proceeding And Related Relief [Dkt No. 2] (the "**Verified Petition**" and, collectively with the Petition Form, the "**Chapter 15 Petition**"), and (ii) specifying the form and manner by which the Chapter 15 Petition shall be served.

Date:  August 28, 2014                    Respectfully submitted,

                                          */s/ Kelly S. Burgan*
                                          _____
                                          Kelly S. Burgan (0073649)
                                          Joseph M. Esmont (0084322)
                                          BAKER & HOSTETLER LLP
                                          PNC Center
                                          1900 East 9th Street, Suite 3200
                                          Cleveland, Ohio 44114-3482
                                          Telephone: 216.621.0200
                                          Facsimile:  216.696.0740
                                          kburgan@bakerlaw.com
                                          jesmont@bakerlaw.com

                                          *Counsel for the Petitioner*

## MEMORANDUM IN SUPPORT

The Debtor is a *kommanditgesellschaft* (limited partnership) organized under German law. The Debtor is currently a debtor under the German Insolvency Code (the "**German Insolvency Proceedings**"). On August 13, 2014, the Meppen Local Insolvency Court appointed the Petitioner as the Insolvency Administrator for the Debtor under the German Insolvency Code, which authorized the Petitioner to act on behalf of the Debtor under German Law. At approximately the same time that the Petitioner filed this Application, the Petitioner filed the Chapter 15 Petition. The Chapter 15 Petition seeks (i) recognition of the German Insolvency Proceedings as a foreign main proceeding under 11 U.S.C. §§1517 and (ii) permanent relief under 11 U.S.C. §§ 105(a), 1507(a), 1509(b)(2)-(3), 1521(a) and 1525(a) upon entry of an order recognizing the German Insolvency Proceedings as a foreign main proceeding. Generally, the relief requested is similar to the relief that is available to a domestic debtor upon filing a voluntary bankruptcy petition, such as a stay of execution against the debtor's assets, entrustment of the administration of the debtor's assets to the Petitioner, and imposition of the automatic stay.

## BACKGROUND

1. Further background, including a detailed explanation of the relief requested, is contained in the Verified Petition.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and General Order No. 2012-7 (N.D. Ohio April 4, 2012) (C.J. Oliver) which refers "any or all proceedings arising under title 11 or arising in or related to a case under title 11" to "the bankruptcy judges for this district."

3.     The Petitioner seeks entry of an order, substantially in the form attached hereto as **Exhibit A** setting September 29, 2014, or as soon thereafter as the Court's calendar permits, (the "**Recognition Hearing Date**" and the "**Recognition Hearing**") as the date for a hearing on relief requested in the Petition; (ii) requiring any responses or objections to the Chapter 15 Petition to be filed by midnight EDT on September 22, 2014; (iii) approving the form of notice of the Recognition Hearing Date (the "**Notice**") that is attached as **Exhibit B;** (iv) approving the manner of service of the Notice described herein, and (v) granting such related relief as may be necessary.

## BASIS FOR RELIEF

4.     Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") provides that the parties identified therein and such other entities as the Court may direct must be given at least 21 days' notice of the hearing on the petition for recognition of a foreign proceeding.  The Petitioner intends to give notice to the parties identified on **Exhibit C** (the "**Notice Parties**").

Bankruptcy Rules 2002(m) and 2007 provide that, among other things, when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which notice shall be given, so long as the Bankruptcy Rules do not specify the appropriate form of notice.

5.      Rule 2002(q)(1) specifies the time within which the parties must receive notice by mail of the Recognition Hearing Date but does not specify the form and manner by which such notice must be given.  Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify the form of manner and notice. The Petitioner submits that service of (i) the Notice, and (ii) the Petition (collectively, the "**Notice Documents**") by first-class United States mail, postage prepaid, upon the parties identified on Exhibit C, in accordance with Bankruptcy Rules 2002(k) and (q) and the local bankruptcy rules of this district, constitutes adequate and sufficient notice of this Chapter 15 case, the relief sought in the Chapter 15 Petition, the time fixed for filing objections to the relief sought in the Chapter 15 Petition, the time, date, and place of the Recognition Hearing, and any other notices required to be given in this proceeding.

6.      Accordingly, the Petitioner respectfully requests that this Court approve the foregoing manner of notice and service of the Notice Documents pursuant to Bankruptcy Rules 2002(m) and (q) and 9007.

7.     Bankruptcy Rule 1011(b) provides that a party objecting to a petition to commence an ancillary proceeding under Chapter 15 of the Bankruptcy Code has 21 days from the date of service of the petition to respond to such petition.  In light of this requirement, the Petitioner respectfully submits that setting (i) September 29, 2014 as the Recognition Hearing Date and (ii) September 22, 2014 as an objection deadline is appropriate.

8.     Section 1514(c) of the Bankruptcy Code provides that when notification of the commencement of a case is to be given to foreign creditors, such notification shall indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. 11 U.S.C. §  1514(c).  However, Section 1514 does not appear to apply to an ancillary case under Chapter 15.  *See* Collier on Bankruptcy ¶ 1514.1 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (Section 1514 is the "last in a series of sections deading with the international aspects of cases under chapters other than chapter 15").  Since the Petitioner has not commenced a case under any other chapter of the Bankruptcy Code at this time, the Petitioner requests that this Court

hold that the Petitioner need not comply with the notice requirements of Section 1514(c).[1]

## NOTICE

9.     Notice of this Application has been provided to (i) the Office of the United States Trustee for the Northern District of Ohio, (ii) the Debtor, (iii) Pacific Chartering Services, Inc., and its counsel.   The Petitioner submits that no other or further notice need be provided.

## NO PRIOR REQUEST

10.     No previous request for the relief requested herein has been made to this or any other court.

## PRAYER FOR RELIEF

Wherefore, the Petitioner respectfully requests this Court enter an order (i) granting the relief requested herein, and (ii) granting the Debtor such other and further relief as the Court deems proper and just.

---

[1] The Petitioner does not presently intend to commence a case under any other chapter of the Bankruptcy Code.  If the Petitioner later decides to commence such a case, he will provide this court with notice and comply with all applicable statutes and regulations.

Date:  August 28, 2014

Respectfully submitted,

*/s/ Kelly S. Burgan*
_____

Kelly S. Burgan (0073649)
Joseph M. Esmont (0084322)
BAKER & HOSTETLER LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, Ohio 44114-3482
Telephone: 216.621.0200
Facsimile:  216.696.0740
kburgan@bakerlaw.com
jesmont@bakerlaw.com

*Counsel for the Petitioner*

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| MS "FRITZ" SCHIFFAHRTSGES | : | Case No. 14-33183 |
| MBH & CO. REEDEREI KG, | : | |
| | : | Judge Mary Ann Whipple |
| Debtor in a Foreign Proceeding. | : | |

**ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(m), 2002(q), and 9007 SCHEDULING HEARING AND SPECIFING THE FORM AND MANNER OF SERVICE OF NOTICE**

Upon the Application[1] of the Petitioner for entry of an order (i) scheduling a

Recognition Hearing, and (ii) specifying the form and manner of service of the

Chapter 15 Petition; it is hereby

ORDERED, that the Recognition Hearing shall be held before this Court in

Room _____ of the United States Bankruptcy Court for the Northern District of

---

[1] Terms capitalized, but not defined, in this order have the same meaning ascribed to them in the Application.

Ohio, _____, on September 29, 2014 at _____;
and it is further

ORDERED, that the form of Notice of the Recognition Hearing contained in
Exhibit B to the Application is hereby approved; and it is further

ORDERED, that the notice requirements contained within Section 1514(c)
of the Bankruptcy Code are not applicable in this context or are hereby waived;
and it is further

ORDERED, that the Notice Documents shall be served by the Petitioner,
using postage-prepaid, First-Class United States Mail, upon the Notice Parties; and
it is further

ORDERED, that responses or objections, if any, to the Petition must be
made in a writing that sets forth the basis for the objection, filed by September 22,
2014, in accordance with this Court's local rules,

ORDERED, that responses or objections, if any, to the Petition must be
served upon the Notice Parties and upon United States counsel for the Petitioner,
BAKER & HOSTETLER LLP, 1900 E. 9th St., Ste. 3200, CLEVELAND, OHIO
44147 (Attention: Kelly Burgan) so as to be received on or before Spetember 22,
2014 at midnight EDT; and it is further

ORDERED, that service pursuant to this Order shall be good and sufficient
and adequate notice of the Recognition Hearing.

SO ORDERED

_____

United States Bankruptcy Judge

###

**EXHIBIT B**

**NOTICE**

| | |
|---|---|
| In re: | : Chapter 15 |
| | : |
| MS "FRITZ" SCHIFFAHRTSGES | : Case No. 14-33183 |
| MBH & CO. REEDEREI KG, | : |
| | : Judge Mary Ann Whipple |
| Debtor in a Foreign Proceeding. | : |

**NOTICE OF FILING AND HEARING ON PETITION UNDER CHAPTER 15 OF THE
UNITED STATES BANKRUPTCY CODE AND MOTION FOR RELATED RELIEF**

**PLEASE TAKE NOTICE** that on August 28, 2014, Andreas Sontopski (the "**Petitioner**"), in his capacity as the foreign representative of the insolvency proceedings of MS "Fritz" Schiffahrtsges mbH & Co. Reederei KG, a German *kommanditgesellschaft* (limited partnership), currently pending before the Meppen Local Insolvency Court in Germany, as Case File No, 9 IN 1 16/14 (the "**German Insolvency Proceeding**") filed a Verified Petition for Recognition of Foreign Main Proceeding and Request for Related Relief (together with the Voluntary Chapter 15 Petition for Recognition of a Foreign Main Proceeding on Official Form 1, the "**Petition**") pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), with the United States Bankruptcy Court for the Northern District of Ohio (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that, among other things, the Petition seeks the entry of an order (i) recognizing the German Insolvency Proceeding as a foreign main proceeding pursuant to sections 1515 and 1517 of the Bankruptcy Code and (ii) granting related relief pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1521(a) and 1525(a) of the Bankruptcy Code giving full force and effect to the outcome of the German Insolvency Proceedings.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing to consider the relief requested in the Petition for _____ (Toledo time) on September 29, 2014 (the "Recognition Hearing").

Copies of the Petition and all accompanying documentation are available to parties in interest on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at http://www.ohnb.uscourts.gov (a PACER login and password are required to retrieve a document)

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response or objection to the Petition or the relief requested therein must file such objection with the United States Bankruptcy Court for the Northern District of Ohio, in writing and in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio, and must serve such response upon the attached list of notice parties, so as to be received no later than midnight (Toledo time) on September 15, 2014.

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Petition or the request for relief contained therein must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that, at the Recognition Hearing, the Court may order the scheduling of a case management conference to consider the efficient administration of the case.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Court may grant the relief requested in the Petition without further notice.

**PLEASE TAKE FURTHER NOTICE** the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Court, of the adjourned date or dates at the hearing or any other further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may, if necessary be conducted as an evidentiary hearing.

Respectfully submitted,

*/s/ Kelly S. Burgan*
Kelly S. Burgan (0073649)
Joseph M. Esmont (0084322)
BAKER & HOSTETLER LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, Ohio 44114-3482
Telephone: 216.621.0200
Facsimile:  216.696.0740
kburgan@bakerlaw.com
jesmont@bakerlaw.com

*Counsel for the Petitioner*

**EXHIBIT C**

**LIST OF NOTICE PARTIES**

## List of Notice Parties

**The Debtor**
MS "FRITZ" SCHIFFAHRTSGES
MBH & CO. REEDEREI KG
Boschstr. 15, D-49733
Haren, Deutschland

**Counsel to the Petitioner**
Kelly Burgan
BAKER & HOSTETLER LLP
1900 E. 9th St., Ste. 3200
Cleveland, OH 44147

**The Office of the United States Trustee**
Office of The United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue East, Ste. 441
Cleveland, Ohio 44114

**Counsel to Pacific Chartering Svs.**
Alan Van Praag
Eaton & Van Winkle LLP
3 Park Avenue, 16th Floor
New York, New York 10016

**Pacific Chartering Svs.**
Pacific Chartering Services, Inc.
1115 Crossroads
Houston, Texas 77079 U.S.A.

Any party-in-interest to this bankruptcy proceeding that files a request for notice on the docket containing a complete address.