```
                          United States Bankruptcy Court
                           Northern District of Ohio
```

In re:                                                              Case No. 14-33183-maw
MS "Fritz" Schiffahrtsges MBH                                       Chapter 15
       Debtor
                          **CERTIFICATE OF NOTICE**

District/off: 0647-3         User: sheym              Page 1 of 1          Date Rcvd: Oct 09, 2014
                             Form ID: pdf810          Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 11, 2014.
db         MS "Fritz" Schiffahrtsges MBH & Co. Reederei KG,   Boschstrasse 15,   48733 Haren/Ems,
            GERMANY
          +Alan Van Praag,    Eaton & Van Winkle LLP,   3 Park Avenue, 16th Floor,
            New York, NY 10016-5902
           MS FRITZ SCHIFFAHRTSGES,    MBH & CO. REEDEREI KG,   Boschstr. 15, D-49733,   Haren, Deutschland
res        Pacific Chartering Services, Inc,   1115, Suite 101,   Houston, TX  77079,   UNITED STATES
          +Pacific Chartering Services, Inc.,,   1115 Crossroads,   Houston, TX 77079-5052

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                       TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 11, 2014                          Signature:  /s/Joseph Speetjens

_____

                          **CM/ECF NOTICE OF ELECTRONIC FILING**


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 9, 2014 at the address(es) listed below:
              Daniel M McDermott    USTPRegion09.cl.ecf@usdoj.gov
              David M Spotts    on behalf of Respondent    Pacific Chartering Services, Inc
               admiral@maritimelaw.com, kyra@maritimelaw.com
              Kelly Burgan    on behalf of Debtor    MS "Fritz" Schiffahrtsges MBH & Co. Reederei KG
               kburgan@bakerlaw.com
              Scott R. Belhorn    ust35    on behalf of U.S. Trustee Daniel M McDermott Scott.R.Belhorn@usdoj.gov
                                                                                             TOTAL: 4

**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: October 9 2014**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 15 |
| | CASE NO. 14-33183 |
| MS FRITZ SCHIFFAHRTSGES MBH & CO REEDEREI KG | JUDGE MARY ANN WHIPPLE |
| | **ORDER GRANTING PETITIONER'S VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF FOREIGN MAIN PROCEEDING AND MOTION FOR <u>RELATED RELIEF</u>** |
| Debtor in a Foreign Proceeding | |

This matter has come before the Court upon consideration of three documents (the "**Chapter 15 Pleadings**") filed on August 28, 2014 by Andreas Sontopski, the Petitioner, in his capacity as the duly-appointed insolvency administrator and foreign representative for MS "Fritz" Schiffahrtsges MBH & Co. Reederei KG, a German *kommanditgesellschaft* undergoing

insolvency proceedings supervised by the Meppen District Insolvency Court in Germany in Case File No. 9 IN 116/14.  Those documents are (1) the Foreign Representative's Verified Petition Under Chapter 15 For Recognition of Foreign Main Proceeding and Motion for Related Relief (the "**Verified Petition**") [Dkt. No. 2], (2) the Form of Voluntary Petition [Dkt. No. 1] (together with the Verified Petition, the "**Petition**"), and (3) the Sontopski Declaration [Dkt No. 3].[1]

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is proper pursuant to 28 U.S.C. § 1410.  It appears that timely notice of the Chapter 15 Pleadings and the Hearing has been given to MS Fritz, the Office of the United States Trustee, and counsel to Pacific Chartering, and that no other or further notice is required.  Further, there are no objections before the Court.

The court, having considered and reviewed the Chapter 15 Pleadings, the evidence presented at the evidentiary hearing on September 30, 2014, and after due deliberation, finds sufficient cause for the following:

It is hereby **FOUND**, that:

1. This case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and venue is proper pursuant to 28 U.S.C. § 1410.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4. This Court may enter a final order consistent with Articles I and III of the United States Constitution.

---

[1] Terms capitalized but not defined herein shall have the definition provided in the Verified Petition.

2
605226038.1

5. MS Fritz has property in the United States in the form of the M/V Fritz and is therefore an eligible debtor under 11 U.S.C. § 109(a). Venue is also proper in this District under 28 U.S.C. § 1410(1). At the time the Petition was filed, the Debtor had property within this District in the form of the M/V Fritz and was subject to a lawsuit in this District in the form of the Admiralty Proceeding. Venue in this District is also consistent with the interests of justice and the convenience of the parties.

6. The German Insolvency Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

7. The German Insolvency Proceeding is pending in Germany, which is the country in which MS Fritz has the center of its main interests. As such, the German Insolvency Proceeding is a "foreign main proceeding" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code and is entitled to recognition as the foreign main proceeding in respect of MS Fritz.

8. The Petitioner, Andreas Sontopski, has been duly-appointed as the insolvency administrator by the German Court and is authorized to act as the "foreign representative" of the German Insolvency Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

9. The German Insolvency Proceeding is entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code.

10. The Petitioner and MS Fritz are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

11. Appropriate notice of the filing of, and the Hearing on, the Petition was given. Such notice is deemed adequate for all purposes, and no other or further notice need be given.

12. The relief granted hereby is necessary and appropriate, and in the interest of the public and of international comity, not inconsistent with the public policy of the United States, warranted pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1520, 1521(a) and 1525 of the Bankruptcy Code, and will not cause hardship to creditors of MS Fritz or other parties in interest that is not outweighed by the benefits of granting that relief.

13. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the MS Fritz and the interests of its creditors and other parties in interest.

14. Absent the relief granted hereby, MS Fritz may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings over assets subject to administration in the German Insolvency Proceeding, thereby interfering with and causing harm to, MS Fritz, its creditors, and other parties in interest to the German Insolvency Proceeding. As a result, MS Fritz, its creditors, and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

15. Absent the requested relief, the efforts of the Petitioner, the German Court, and German law in conducting the German Insolvency Proceeding may be thwarted by the actions of certain creditors, a result inimical to the purposes of chapter 15 as reflected in section1501(a) of the Bankruptcy Code.

16. Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the German Insolvency Proceeding, (iii) confers material benefits on, and is in the best interests of, MS Fritz and its creditors, (iv) is important to the German Insolvency Proceeding.

17. For all of the foregoing reasons and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED AND DECREED**, that:

A. the Petition and the Relief Requested are granted, and any objections thereto are overruled with prejudice;

B. the German Insolvency Proceeding is granted recognition as a foreign main proceeding (as defined in section 1502 of the Bankruptcy Code) pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code;

C. the Petitioner is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the German Insolvency Proceeding;

D. MS Fritz and the Petitioner are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the full protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to MS Fritz and to MS Fritz's property that is within the territorial jurisdiction of the United States, specifically including the M/V Fritz;

E. the Petitioner is hereby (i) authorized to examine witnesses, take evidence, and deliver information concerning MS Fritz and its business, and (ii) entrusted with the administration of any and all of MS Fritz's assets within the territorial jurisdiction of the United States;

F. the Appointment Orders, any plan of liquidation or reorganization for MS Fritz in the German Insolvency Proceeding, and any orders issued by the German Court to implement its authority in the German Insolvency

Proceeding, are recognized, granted comity, and entitled to full force and effect against all entities (as that term is defined in section 101(15) of the Bankruptcy Code) in accordance with their terms, and such terms shall be binding and fully enforceable on all creditors, including Pacific Chartering, whether or not they actually agreed to be bound by any such plan or participated in the German Insolvency Proceeding.

G. subject to paragraph O below, any judgment, wherever and whenever obtained, to the extent such judgment is a determination of the personal liability of MS Fritz or M/V Fritz with respect to any debt cancelled, discharged, administered, subordinated or restructured in the German Insolvency Proceeding or under German law relating to the German Insolvency Proceeding, is unenforceable; and any and all parties-in-interest or creditors maintaining possession, custody or control of property of the estate must turn over such property to the Petitioner, including, without limitation, that any parties who have or later obtain possession, custody, or control over the M/V Fritz, whether by means of a maritime, admiralty, *in rem* or other proceeding, shall take any action necessary to release the M/V Fritz to possession, custody, and control of the Petitioner. 11 U.S.C. §§ 362(a)(3), 542(a). See U.S. v. Whiting Pools, Inc., 462 U.S. 198, 205 (1983) (requiring IRS to turn over property seized pursuant to a tax lien); In re Sharon, 234 B.R. 676 (6th Cir. BAP 1999) (requiring return of repossessed car); In re Holman, 92 B.R. 764 (Bankr. S.D. Ohio 1988) (sanctioning auto lender for "retain[ing] lawfully repossessed collateral after receiving notice . . . of the pendency of a

bankruptcy case" and noting that the creditor has an "affirmative duty to return the property and restore the status quo" without a demand); Thompson v. GMAC, LLC, 566 F.3d 699, 705 (7th Cir. 2009) (Section 542 acts to "draw back into the estate a right of possession that is claimed by a lien creditor pursuant to a pre-petition seizure"); In re Knaus, 889 F.2d 773 (8th Cir. 1989) (directing bankruptcy court to enter sanctions against creditor that failed to return property lawfully seized pursuant to a writ of execution).

H. subject to paragraph O below, all parties in interest to the German Insolvency Proceeding are permanently enjoined from commencing or continuing in any manner, directly or indirectly, including by way of counterclaim, any action, suit or other proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial or administrative action, proceeding or process whatever in any judicial, arbitral, administrative or other forum), employing any process, or performing any act to collect, recover or offset (except as authorized by any order or plan of the German Court in the German Insolvency Proceeding) within the territorial jurisdiction of the United States, any debt cancelled, discharged, subordinated, administered or restructured in the German Insolvency Proceeding and/or as a result of German law relating to the German Insolvency Proceeding, or seeking discovery related thereto, specifically including any maritime or admiralty claims against the M/V Fritz, whether *in rem* or *in personam*;

I. subject to paragraph O below, all parties in interest are permanently enjoined from commencing or continuing any action (including, without limitation,

arbitration, mediation or any judicial, quasi-judicial, or administrative action or proceeding or process whatever in any judicial, arbitral, administrative or other forum), including by way of counterclaim, employing any process, or performing any act, to collect, recover or offset (except as expressly provided for by the German Court in the German Insolvency Proceeding) any debt cancelled, discharged, administered, subordinated or restructured by the German Insolvency Proceeding or as a result of German law relating to the German Insolvency Proceeding against property of MS Fritz within the territorial jurisdiction of the United States, including (i) enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judicial, quasi-judicial or administrative judgment, award, determination, decree, assessment, garnishment, order or arbitration award against MS Fritz or its respective property, or any direct or indirect transferee of or successor to any property of the MS Fritz, or any property of such transferee or successor, or (ii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind against such property, including any attempt to enforce any purported maritime liens against the M/V Fritz, whether the action is *in rem* or *in personam*;

J. Except as expressly provided for by the German Court in the German Insolvency Proceeding all parties in interest are permanently enjoined from (i) transferring, relinquishing or disposing of any property of MS Fritz located within the territorial jurisdiction of the United States, or (ii) taking or

continuing any act to obtain possession of, commingle, or exercise control over such property, to the extent any such act under (i) or (ii) is inconsistent with the German Insolvency Proceeding, including any plan of liquidation or restructuring developed in the German Insolvency Proceeding, or German law relating to the German Insolvency Proceeding;

K. All entities (as that term is defined in section 101(15) of the Bankruptcy Code) subject to the U.S. Bankruptcy Court's jurisdiction are permanently enjoined from taking any action inconsistent with the German Insolvency Proceeding, including any plan of liquidation or restructuring developed in the German Insolvency Proceeding, or German law relating to the German Insolvency Proceeding, including, without limitation, against MS Fritz, or against any property of MS Fritz within the territorial jurisdiction of the United States;

L. all entities (as that term is defined in section 101(15)) are permanently enjoined from commencing or continuing in any manner any suit, action or other proceeding in the territorial jurisdiction of the United States to settle any dispute that relates to the German Insolvency Proceeding, including any plan of liquidation or restructuring developed in the German Insolvency Proceeding, or German law relating to the German Insolvency Proceeding;

M. all entities (as that term is defined in section 101(15)) are permanently enjoined from commencing or continuing in any manner, directly or indirectly, including by way of counterclaim, any action, suit or other proceeding (including, without limitation, arbitration, mediation, or any

judicial, quasi-judicial, or administrative action, proceeding or process whatever in any judicial, arbitral, administrative or other forum), or employing any process, against the Petitioner (personally or in such capacity), MS Fritz, M/V Fritz, or any of their respective successors, assigns, agents, representatives, advisors or attorneys (collectively, the "Debtor Parties") or any of them in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken by any of the Debtor Parties to date in connection with this chapter 15 case or in preparing, disseminating, applying for or implementing the German Insolvency Proceeding, including any plan of liquidation or restructuring developed in the German Insolvency Proceeding, or German law relating to the German Insolvency Proceeding;

N. no action taken by the Petitioner in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the German Insolvency Proceeding, including any plan of liquidation or restructuring developed in the German Insolvency Proceeding, or German law relating to the German Insolvency Proceeding, this Order, the chapter 15 case, any further order for additional relief in this chapter 15 case, or any adversary proceedings or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Petitioner as Foreign Representative, including without limitation pursuant to section 1510 of the Bankruptcy Code;

O. For the avoidance of doubt, nothing in this Order shall impair the rights of any entity granted by or in the German Insolvency Proceeding, including any plan

of liquidation or restructuring developed in the German Insolvency Proceeding, or by German law relating to the German Insolvency Proceeding, having regard in particular to the exclusive right of the German courts to hear and determine any suit, action or proceeding and to settle any dispute which may arise out of the German Insolvency Proceeding, any plan or liquidation or restructuring developed in the German Insolvency Proceeding, or German law relating to the German Insolvency Proceeding, of any action taken or omitted to be taken under the German Insolvency Proceeding , including any plan of liquidation or restructuring developed in the German Insolvency Proceeding, or by German law relating to the German Insolvency Proceeding, or in connection with the administration of the above;

P. the Court shall retain jurisdiction with respect to the effect, enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of the Court; and

Q. this Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

SO ORDERED.

###

Submitted by:

*/s/ Kelly S. Burgan*
Kelly S. Burgan (0073649)
Joseph M. Esmont (0084322)
BAKER & HOSTETLER LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, Ohio 44114-3482
Telephone: 216.621.0200
Facsimile: 216.696.0740
kburgan@bakerlaw.com
jesmont@bakerlaw.com
*Counsel for the Petitioner*

12

605226038.1

**SERVICE LIST**

Court's Electronic Mail Notice List:

    Kelly Burgan, on behalf of MS "Fritz" Schiffahrtsges MBH & Co. Reederei KG, at
kburgan@bakerlaw.com

    Daniel M McDermott, on behalf of the United States Trustee, at
USTPRegion09.cl.ecf@usdoj.gov

    David M Spotts, on behalf of Pacific Chartering Services, at admiral@maritimelaw.com,
kyra@maritimelaw.com

    Scott R. Belhorn, on behalf of the United States Trustee, at scott.r.belhorn@usdoj.gov

Manual Notice List:

    MS "FRITZ" SCHIFFAHRTSGES
MBH & CO. REEDEREI KG, on behalf of the Debtor, at
Boschstr. 15, D-49733
Haren, Deutschland

    Alan Van Praag, on behalf of Pacific Chartering Services, at
Eaton & Van Winkle LLP
3 Park Avenue, 16th Floor
New York, NY 10016

    Pacific Chartering Services, Inc., on behalf of Pacific Chartering Services, Inc., at
1115 Crossroads
Houston, TX 77079